```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        STATESVILLE DIVISION
          5:24-cv-00119-MR
```

| | | |
|---|---|---|
| AJANAKU MURDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's letter [Doc. 5]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

## I. BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. On May 10, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming FNU Moore, FNU Curtis, FNU Adkins, and FNU Baers, all identified as Correctional Officers at Alexander Correctional Institution ("Alexander"), as Defendants. [Doc. 1]. Plaintiff alleges as follows.

On an unidentified date while Plaintiff was housed at Alexander, Defendant Moore falsely accused Plaintiff of assaulting him. In "unlawfully" taking Plaintiff to segregation, Defendants Moore and Curtis squeezed handcuffs around Plaintiff's wrists "super tight" and "drug" Plaintiff down the hallway, "jerking [his] arms different way's [sic] by snatching them in painful way's [sic]." [Id. at 2-3]. An "excessive report was taken out," but Plaintiff did not "elaborate on it" out of fear of retaliation. Plaintiff brings this claim now only because he has been transferred to Central Prison. [Id. at 3].

In an apparently unrelated event on December 12, 2023, Plaintiff was inside his cell and "was asked to go to D.H.O. and told to take of [his] 'hat' which was [his] religion crown as RASTAFARIAN." [Id. at 4]. Plaintiff refused because he is allowed to wear the crown "ANYWHERE except when shipping." [Id.]. Defendant Adkins became belligerent, and Plaintiff yelled for Sergeant Emig, who was nearby, to "supervise the situation" and tell Defendant Adkins that Plaintiff was allowed to wear the crown. Sergeant Emig never came. Plaintiff told Defendant Adkins that he was not allowed to "spray" him (for presumably refusing to remove the crown) without "supervisory consent." Defendant Adkins responded that "he can do whatever the fuck he wanted… for [Plaintiff] to take the fucking hat off and sit it on the fucking bed." Plaintiff again refused and "held the trap because

2

[he] didn't want him and Baers to say [he] refused to go to D.H.O." [Id.]. Adkins and Baers both "sprayed" him. The spray touched Plaintiff's arm and stomach, causing Plaintiff to have an allergic reaction, and Plaintiff "re-injured" his right hand "when the trapdoor shut." [Id. at 5].

Plaintiff further alleges that he wants Sergeant Emig to be a Defendant in this action because, shortly after Plaintiff was sprayed, Emig asked Plaintiff to submit to handcuffs, took Plaintiff to the showers, took Plaintiff to see the DHO, and was designated to take pictures of Plaintiff's arm. When Emig saw that Plaintiff's arm had "broken out," he pretended like the camera had malfunctioned. He returned to take pictures weeks later when the "swelling and rashes" had disappeared. Emig served as the investigating officer, which is against policy. [Id. at 5]. "They made up the FALSE charge that it was over a NECKLACE instead of a religious crown," which shows "deliberate indifference and cruel and unusual punishment." [Id. at 6]. Unit Manager Sigmon never got Plaintiff's witness statements for Plaintiff's disciplinary hearing, which is a procedural violation and a violation of Plaintiff's "inmate rights." [Id. at 5].

Plaintiff claims that his Eighth Amendment rights were violated by Defendants Moore and Curtis by their "jerking and yanking on [Plaintiff's] arms while handcuffed from behind extremely hard," and by Defendants

Adkins and Baers by their pepper spraying him "without just cause." [Id. at 7]. For injuries, Plaintiff claims he suffered an allergic reaction, injured his hand, was placed in isolation, and suffered night terrors and emotional distress. [Id.]. Plaintiff seeks monetary relief only. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Here, Plaintiff claims Defendants, in two unrelated incidents, violated his right under the Eighth Amendment to be free from cruel and unusual punishment.[1]  [Doc. 1 at 7]. A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue

---

[1] The Court notes that Plaintiff's allegations also implicate his due process rights. These allegations, however, will be dismissed as discussed below.

5

claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). While both incidents involve alleged violations of Plaintiff's Eighth Amendment rights, they do not arise out of the same transaction or occurrence or series of transactions or occurrences. As such, they may not be litigated in the same action. The Court will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. The Court, therefore, will allow Plaintiff to amend his Complaint to make these decisions.

Moreover, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C.

Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). That is, Plaintiff alleges he "wants" Sergeant Emig to be a Defendant in this matter and also directs allegations at Unit Manager Sigmon, but Plaintiff fails to properly name either Emig or Sigmon as a Defendant. The Court, therefore, dismisses these allegations without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

Also pending is Plaintiff's letter regarding the Court's Standing Order of Instructions in which Plaintiff states he was unaware he would have to send a copy of the Complaint to Defendants and asks the Clerk to return his Complaint so that he may make copies to serve Defendants and to receive a file-stamped copy from the Clerk. [Doc. 5]. Plaintiff is advised that, should his Amended Complaint survive initial review, the Court will facilitate service on Defendants. The Court, however, will direct the Clerk to send Plaintiff a copy of his Complaint. The Plaintiff, however, is admonished that should he seek copies of any materials in this case in the future he must properly request such copies from the Clerk and include payment with such request.[2]

---

[2] A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). The

7

Case 5:24-cv-00119-MR   Document 6   Filed 06/12/24   Page 7 of 9

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If

---

standard rate for copies of documents in this matter is $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form and a copy of his Complaint [Doc. 1] in this matter.

**IT IS SO ORDERED**.

Signed: June 10, 2024

Martin Reidinger
Chief United States District Judge