UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00119-MR

| AJANAKU MURDOCK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| FNU MOORE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 7] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

I. **BACKGROUND**

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. On May 10, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming FNU Moore, FNU Curtis, FNU Adkins, and FNU Baers, all identified as Correctional Officers at Alexander Correctional Institution ("Alexander"), as Defendants. [Doc. 1]. In his Complaint, Plaintiff sought relief for two unrelated incidents by two separate sets of Defendants that Plaintiff alleged

occurred while he was incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. [See id.]. The Court dismissed Plaintiff's Complaint on initial review, in part, because Plaintiff sought to assert unrelated claims against unrelated Defendants in a single action. [Doc. 6 at 5-6, 8]. The Court allowed Plaintiff 30 days to amend his Complaint to correct the deficiencies identified by the Court. [Id. at 8].

Now pending is Plaintiff's timely Amended Complaint. [Doc. 7]. Plaintiff now names only FNU Moore and FNU Curtis as Defendants in this matter in their individual and official capacities.[1] Plaintiff alleges as follows. On March 7, 2023, at approximately 8:00 p.m., Defendants Moore and Curtis were taking Plaintiff "out of the block" and Defendant Moore threw the property from Plaintiff's pockets on the floor. Defendants Moore and Curtis cursed at the Plaintiff and Plaintiff cursed back at Defendant Curtis. "[T]he whole way down" the hall, Defendants assaulted Plaintiff by jerking his arms, "bending [his] hands, cuffs, [and] wrists." [Id. at 12]. Plaintiff was not provoking the Defendants when this occurred. [Id. at 5]. A Sergeant who was nearby noticed what was happening and intervened. [Id. at 12]. A Captain, who was on shift, saw what happened and issued an incident report.

---

[1] Plaintiff has filed a second action pursuing his claim(s) against Defendants Adkins, Baers, Sigmon, and Emig. [Case No. 5:24-cv-00163-KDB, Doc. 1].

2

[Id. at 5]. Plaintiff was afraid to say what really occurred out of fear of retaliation "because they have a history of retaliation at that camp." [Id. at 5].

Plaintiff claims that Defendants Moore and Curtis violated his rights under the Eighth Amendment. [Id.]. Plaintiff alleges that he suffered injuries to his hand, wrist, and arm, as well as mental and emotional distress. Plaintiff seeks monetary relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794,

2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

### B. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious– and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's Eighth Amendment claim against Defendants Moore and Curtis in their individual capacities is not clearly frivolous and survives initial review.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. §§ 1915(e) and 1915A in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendants in their individual capacities passes initial review in accordance with the terms of this Order. Any remaining claims, including Plaintiff's official capacity claims, are **DISMISSED** for Plaintiff's failure to state a claim for relief. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for

Defendants FNU Moore and FNU Curtis, who are alleged to be current or former employees of North Carolina Department of Adult Correction.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge