UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00119-MR-SCR

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU MOORE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

On October 1, 2024, the North Carolina Department of Adult Correction (NCDAC) filed a document under seal indicating it was unable to procure a waiver of service for Defendant FNU Moore[1] for the reasons stated in that document. [Doc. 18]. The sealed document provides the last known address for Defendant Moore. [See id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the U.S. Marshals Service sufficient information to identify the defendant, the U.S. Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's

---

[1] This Defendant's true full name is Michael Moore, II. [See Doc. 18]. The Court will instruct the Clerk to update the docket accordingly.

failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDAC, no waiver from Defendant Moore was obtained. As such, it does not appear that this Defendant ever received service of process. With the additional information supplied for service on Defendant Moore, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 18 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Moore.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, the Amended Complaint [Doc. 7], and Document No. 18 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Moore in accordance with Rule 4.

The Clerk is respectfully instructed to update the docket in this matter to reflect the full name of Defendant FNU Moore as Michael Moore, II.

**IT IS SO ORDERED.**   Signed: October 2, 2024

Susan C. Rodriguez
United States Magistrate Judge