UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00119-MR-SCR

| AJANAKU MURDOCK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| MICHAEL MOORE, II, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his Response [Doc. 23] to the Court's Show Cause Order [Doc. 22].

## I. BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a North Carolina prisoner currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on May 7, 2024, pursuant to 42 U.S.C. § 1983, against Defendants Michael Moore, II; FNU Curtis; FNU Adkins; and FNU Baers, all alleged to be correctional officers at Alexander Correctional Institution in Taylorsville, North Carolina, alleging violation of his Eighth Amendment rights. [Doc. 1]. On June 12, 2024, Plaintiff's Complaint failed initial review for Plaintiff's failure to state a claim for relief. [Doc. 6]. The Court, however, allowed Plaintiff 30 days to file an amended Complaint to

properly state a claim for relief. [Id. at 8-9]. Plaintiff timely filed an Amended Complaint in which he named only Moore and Curtis as Defendants. [Doc. 7]. On July 31, 2024, the Court allowed Plaintiff's Eighth Amendment excessive force claim against Defendants Moore and Curtis to pass initial review. [Doc. 9]. The Court ordered the Clerk to begin the procedure for waiver of service under Local Civil Rule 4.3 for both Defendants, who are alleged to be current or former employees of the North Carolina Department of Adult Correction (NCDAC). [Id. at 6-7]. The Clerk sent the requests for waivers of service the same day. [Doc. 11]. On September 30, 2024, Defendant Curtis timely waived service, and, on behalf of the NCDAC, defense counsel filed the last known address for Defendant Moore. [Docs. 16, 17; see Doc. 18]. On October 2, 2024, the Court ordered the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Moore using this last known address. [Doc. 19]. On November 5, 2024, the Summons for service on Defendant Moore was returned unexecuted because Moore no longer lives at the subject address. [Doc. 21]. Despite these efforts by the U.S. Marshal, Defendant Moore remains unserved, and Plaintiff has sought no extension of time for service.

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own

2

> motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Because initial review of Plaintiff's Amended Complaint occurred on July 31, 2024, [Doc. 9], Plaintiff had until October 29, 2024 to serve Defendant Moore.

On November 12, 2024, the Court entered an order pursuant to Rule 4(m) requiring Plaintiff to show good cause for his failure to timely serve Defendant Moore. [Doc. 22]. The Court notified Plaintiff that it would dismiss Defendant Moore without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve him. [Id. at 3].

Plaintiff timely responded to the Court's Show Cause Order. [Doc. 23]. In his response, Plaintiff states that, because he was allowed to proceed in forma pauperis, it is the Court's responsibility, typically through the U.S. Marshal, to serve his Complaint on Defendant Moore and that Plaintiff provided the information available to him for service. [Id. at 1-2]. Plaintiff further states that he did not learn that the U.S. Marshal was unable to serve Defendant Moore until November 8, 2024. [Id. at 2]. Plaintiff argues that

3

"good cause" includes "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for Plaintiff proceeding in forma pauperis." [Id.]. Plaintiff complains that he has had inadequate access to the law library as a result of staff and tablet shortages at Central Prison and that his mental health Level 3 "puts [him] at a disadvantage in these court proceedings." [id. at 3-4]. Finally, Plaintiff argues that his claim is meritorious and asks "for the interest of justice" that the Court "not dismiss this claim due to the U.S. Marshal's not timely serving Defendant Michael Moore, II." [Id. at 4]. Plaintiff does not assert that he has or will undertake any efforts to further obtaining service on Defendant Moore or request additional time to do so. [See Doc. 23].

## II. DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)). "A plaintiff's pro se status is not sufficient to establish good cause." Shirley v. Staubs, 812 Fed. App'x 162, 162 (4th Cir. 2020) (Mem). Rather, the Court "can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the 90-day period." Id. If the plaintiff shows good cause for

the failure under Rule 4(m), "the Court must extend the time for service for an appropriate period." Id. (quoting Fed. R. Civ. P. 4(m)). "[C]ourts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons." McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations omitted). "At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. Id. (citation and internal quotation marks omitted).

Here, Plaintiff has failed to state good cause for his failure to serve Defendant Moore. Plaintiff filed this action while incarcerated based on alleged constitutional violations by Defendants during Plaintiff's confinement at Alexander Correctional Institution. [Doc. 1]. His pro se prisoner status does not excuse the service requirements in this action. McCoy, 2012 WL 4933301 at *1. Further, 28 U.S.C. § 1915(d), which states that "[t]he officers of the court shall issue and serve all process and perform all duties in [cases where a prisoner is allowed to proceed without prepayment of fees]," does not require officers of the court to identify defendants or otherwise facilitate service. Contrary to Plaintiff's claims, there was no "utter failure" of the Clerk or the U.S. Marshal to perform their duties. The Clerk properly attempted to

5

obtain Defendant Moore's waiver of service and, when that failed because Defendant Moore is no longer employed by the NCDAC, the U.S. Marshal attempted to serve Moore at his last known address. Plaintiff has made no effort since that time to locate Defendant Moore or sought an extension of time to complete service. Plaintiff also fails to suggest that he will be able to serve Defendant Moore any time in the foreseeable future or that he is willing to extend any effort to effect such service. As such, any extension of the service period would be futile, in any event, and the Court declines to exercise its discretion to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581.

### III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendant Moore, the Court will dismiss Defendant Moore without prejudice pursuant to Rule 4(m).

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Moore is hereby **DISMISSED WITHOUT PREJUDICE** as a Defendant in this matter.

**IT IS SO ORDERED**.

Signed: December 5, 2024

Martin Reidinger
Chief United States District Judge