# INTHE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:24-cv-00119-MR-SCR

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| STEPHANIE CURTIS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 25]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of Defendant's Motion to Dismiss [Doc. 29]; the Plaintiff's "Response to Motion to Dismiss Memorandum and Recommendation" [Doc. 31], which the Court construes as Plaintiff's Objection to the Recommendation; and the Defendant's Reply to Plaintiff's Objections to the Magistrate's Memorandum and Recommendation [Doc. 32].

## I. PROCEDURAL BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North

Carolina.  On May 7, 2024, he filed this action pursuant to 42 U.S.C. § 1983 seeking relief for two unrelated alleged uses of excessive force by two sets of Defendants, all identified as Correctional Officers at Alexander Correctional Institution ("Alexander").  [Doc. 1].  After Plaintiff's Complaint failed initial review [Doc. 6], Plaintiff filed an Amended Complaint naming Defendants Michael Moore, II, and Stephanie Curtis as Defendants, alleging that, on March 7, 2023, they used excessive force on Plaintiff in violation of his Eighth Amendment rights[1] [Doc. 7].  Plaintiff's Amended Complaint passed initial review [Doc. 9], and the Court later dismissed Defendant Moore without prejudice for Plaintiff's failure to show good cause for the failure to timely serve him [Docs.  22, 28].

On November 29, 2024, Defendant Curtis moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for his failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this action.  [Doc. 26].  The Honorable Susan C. Rodriguez, United States Magistrate Judge, entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

---

[1] At this time, Plaintiff also filed a new separate Complaint against the other set of Defendants, FNU Baers, FNU Adkins, FNU Emig, and FNU Sigmon, related to a separate alleged use of excessive force on December 12, 2023.  [Murdock v. Adkins, Case No. 5:24-cv-00163-KDB, Doc. 1].

2

notifying Plaintiff of his right to respond to Defendant's motion within 30 days and warning Plaintiff that his failure to timely respond would "likely lead to the granting of relief that Defendant seeks." [Doc. 27]. Plaintiff nonetheless failed to respond to Defendant's motion.

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, Judge Rodriguez was designated to consider the Defendant's motion and to submit a recommendation regarding its disposition. On February 24, 2025, nearly two months after Plaintiff's deadline to respond expired, Judge Rodriguez entered a Memorandum and Recommendation in which she recommended that (1) the Court should dismiss this action with prejudice for Plaintiff's abandonment of his claim [Doc. 29 at 4, 8], and (2) even if Plaintiff had not abandoned his claim, the Court should dismiss Plaintiff's claim without prejudice for failure to exhaust his administrative remedies [Doc. 29 at 8]. Plaintiff timely filed Objections [Doc. 31], to which the Defendant has responded [Doc. 32].

Having been fully briefed, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

### A.    Standard of Review Applicable to a Magistrate Judge's Proposed Findings and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or

3

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no timely objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing pro se objections to a magistrate judge's recommendation, however, "district courts must review de novo any articulated grounds to which the litigant appears to take issue." Elijah v. Dunbar, 66 F.4th 454, 460-61 (4th Cir. 2023) (citing Martin v. Duffy, 858 F.3d 239, 245-46 (4th Cir. 2017)). "Such a requirement advances district court's obligation to liberally construe pro se objections while maintaining constitutional limitations on a magistrate's authority." Id. at 461.

4

## B. Exhaustion

The PLRA requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

An inmate, however, is not required to affirmatively show exhaustion in his complaint. See Bock, 549 U.S. at 216. "Rather, failure-to-exhaust is an affirmative defense that must be raised by the defendant." Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017) (citing Bock, 549 U.S. at 216).

5

"[D]espite the fact that failure-to-exhaust is an affirmative defense, a prisoner's complaint may be dismissed for non-exhaustion 'in the rare case where failure to exhaust is apparent from the fact of the complaint.'" Id. (quoting Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005)).

A prisoner, however, need only exhaust those remedies actually available to him. Ross v. Blake, 578 U.S. 632, 635 (2016). "Available" means "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 642 (internal quotation marks and citation omitted). Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). The Fourth Circuit recently examined factors rendering a prison grievance process unavailable. Griffin v. Bryant, 56 F.4th 328 (4th Cir. 2022). Griffin recognized that a grievance process is unavailable:

> (1) where the remedy "operates as a simple dead end," with prison officials "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where an administrative scheme is "so opaque" that it is "practically ... incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

6

Griffin, 56 F4th at 335 (quoting Ross, 578 U.S. at 643-44). The Plaintiff, however, must show that administrative remedies were not available. Graham v. Gentry, 413 Fed. App'x 660, 663 (4th Cir. 2011) (finding it significant that the record was devoid of evidence that any jail official impeded or discouraged any efforts that detainee-plaintiff made or could have made to file a grievance). "And no combination of 'special circumstances' can excuse a prisoner's failure to exhaust.'" Hardin, 2023 WL 3969989, at *2 (quoting Ross, 578 U.S. at 639).

The NCDAC has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. See Moore, 517 F.3d at 721 (regarding the comparable ARP procedures at NCDAC-predecessor North Carolina Department of Public Safety). Inmates are required to exhaust administrative remedies with the NCDAC in accordance with ARP. See id. An inmate does not exhaust his administrative remedies with the NCDAC until he completes all three steps. See id.

## III. DISCUSSION

Liberally construing Plaintiff's Objections, he appears to object to both of the recommended conclusions of Magistrate Judge Rodriguez. [Doc. 31]. Particularly, Plaintiff contends that, while he "can see why Defendant would

7

assume Plaintiff has abandoned his claim," he "didn't in fact abandon his claim," but rather suffers from mental health and cognitive issues that impair his ability to litigate this case. [Id. at 4-5]. Plaintiff also contends that "[he] did in fact exhaust [his] remedies in this case[.]" [Id. at 2]. In support of this contention, Plaintiff submits additional documents that were not before the Magistrate Judge, which Plaintiff states he wanted to retain "to prove how these Defendants be [*sic*] lying." [Id. at 2].

As the Magistrate Judge aptly noted, Plaintiff is presumed to have abandoned his claim against the Defendant by his failure to respond to Defendant's motion to dismiss, particularly given the Court's warning that failing to respond would likely result in dismissal. See Sasser v. Safe Home Sec., Inc., No. 1:18CV746, 2019 WL 3858607, at *5 (M.D.N.C. Aug. 16, 2019) (failing to respond to argument constitutes abandonment of a claim) (collecting cases); Taccino v. Ford Motor Co., No. CV GLR-18-913, 2019 WL 1429263, at *9 (D. Md. Mar. 29, 2019) ("when a party fails to respond to an argument made in a motion to dismiss, they abandon that claim"). When a plaintiff fails to respond to a motion to dismiss, however, "the district court nevertheless has an obligation to review the motion[ ] to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014). "Although the district court may dismiss an action 'on the

uncontroverted bases asserted' in a motion to dismiss," <u>Goudy v. Navy Federal Credit Union Foundation</u>, No. 23-1721, 2024 WL 2206508, at *1 (4th Cir. May 16, 2024) (quoting <u>Pueschel v. United States</u>, 369 F.3d 345, 354 (4th Cir. 2004)), "it must still review the grounds presented in the motion and cannot treat a nonresponse as a per se procedural default," <u>id.</u> (citing <u>Stevenson</u>, 743 F.3d at 416 n. 3).

Here, Defendant's motion to dismiss was based entirely on Plaintiff's alleged failure to exhaust his administrative remedies, which Plaintiff effectively conceded by failing to respond to the motion. Although Plaintiff failed to oppose Defendant's motion, the Magistrate Judge also considered whether dismissal was appropriate on exhaustion grounds and recommended alternatively that Plaintiff's action be dismissed for his failure to exhaust his administrative remedies.

Plaintiff now argues that, while he understands why one would believe he abandoned his claim, his mental health and cognitive issues have inhibited his ability to prosecute this case. [<u>See</u> Doc. 31 at 4]. In support of this assertion, Plaintiff now submits a 2012 disability record describing his new onset memory problems secondary to an accident and medical records reflecting his having suffered blunt head injury in 2014. [Doc. 31-1 at 9, 11-13].

9

Plaintiff's argument is not well taken. Even if the Court were to consider this additional evidence, 28 U.S.C. § 636(b)(1), discussed infra, in examining the Magistrate Judge's proposed recommendation, Plaintiff has not shown an inability to litigate this case. Rather, since 2012, Plaintiff has repeatedly demonstrated his ability to institute and prosecute litigation in this Court.[2] Nor has Plaintiff sought the assistance of counsel in the instant case. Plaintiff now points vaguely to memory and cognitive issues and fails to explain or show with any particularity why he failed to respond to the Defendant's motion to dismiss.

For these reasons, the Court concurs with the Magistrate Judge's assessment regarding abandonment, and accordingly this objection is overruled. The Court, therefore, will dismiss this action with prejudice.

---

[2] See Murdock v. McClelland, Case No. 3:17-cv-00274-MR (W.D.N.C.) (dismissed on summary judgment); Murdock v. Thompson, Case No. 3:18-cv-00020-FDW (W.D.N.C.) (dismissed on summary judgment); Murdock v. Ingram, Case No. 3:18-cv-00050-MR (W.D.N.C.) (dismissed on summary judgment); Murdock v. Williams, Case No. 3:19-cv-00039 (W.D.N.C.) (dismissed for failure to exhaust administrative remedies); Murdock v. Ingram, Case No. 3:24-cv-00473-GCM (W.D.N.C.) (dismissed on initial review as time-barred, Heck-barred, and for Plaintiff's failure to state a claim for relief); Murdock v. Eades, Case No. 5:12-cv-00002-RJC (W.D.N.C.) (dismissed by the parties after settlement on all issues); Murdock v. Murray, 5:14-cv-00109-FDW (W.D.N.C.) (dismissed on initial review as barred by Heck, the statute of limitations, and prosecutorial immunity); Murdock v. Adkins, 5:24-cv-00163-KDB (W.D.N.C.) (pending); Murdock v. Hensley, 5:24-cv-00169-KDB (W.D.N.C.) (voluntarily dismissed by Plaintiff); Murdock v. Gamewell, 5:24-cv-00170-KDB (W.D.N.C.) (dismissed on initial review for Plaintiff's failure to state a claim for relief).

Next, the Court considers *de novo* whether the Plaintiff failed to exhaust his administrative remedies. On this issue, the Court also concurs with Judge Rodriguez's assessment and overrules Plaintiff's Objection.

As noted by Judge Rodriguez, in his Amended Complaint, Plaintiff alleged that he submitted a grievance regarding the incident, but that "[he didn't] recall it being processed."[3] [Doc. 29 (citing Doc. 7 at 12)]. Plaintiff also alleged that he did not "elaborate" on the alleged use of excessive force in the related incident report because he feared retaliation. [Id. at 6 (citing Doc. 7 at 12)]. Plaintiff, however, also submitted two "NOTICES" with his Amended Complaint regarding the alleged incident, both dated March 29, 2023, one directed to Warden Honeycutt in which Plaintiff claims that he submitted a grievance but that he had not received his pink copy and one directed to the unidentified Captain who prepared the incident report.[4] [Doc. 7-3 at 3, 5-6].

Defendant, on the other hand, provided copies of Plaintiff's eight fully exhausted grievances submitted from January 1, 2022, to October 1, 2024,

---

[3] Elsewhere in his Amended Complaint, Plaintiff claimed "[t]hey wouldn't process [his grievance]" and that "to [his] knowledge," the grievance process was not "honored." [Doc. 7 at 6-7].

[4] Also of note, with his Amended Complaint, Plaintiff filed grievance records from a March 13, 2024 grievance he submitted related to the separate alleged use of force incident at Alexander that was fully exhausted through Step Three and is the subject of Plaintiff's Complaint in Murdock v. Adkins, Case No. 5:24-cv-00163-KDB. [See Doc. 8 at 1-6].

11

as provided by IGRB Executive Director Kimberly Grande, as well as copies of all of Plaintiff's other written complaints and initiated grievances while at Alexander. As noted by Judge Rodriguez, these records show that during this time Plaintiff fully exhausted eight grievances, five of which were submitted and exhausted while Plaintiff was housed at Alexander and none of which involve the subject incident. The initiated grievances include at least three grievances that were submitted to and processed by Alexander officials but not appealed by Plaintiff to Step Three. Finally, these records include Plaintiff's March 13, 2024 "Inquiry on Emergency Grievance" to the "Deputy Secretary of Prisons" in which Plaintiff complained that Alexander officials had refused to process all but "2-3" of his grievances since 2022.

Judge Rodriguez concluded, based on the integral records presented by Defendants, that Plaintiff did not exhaust a grievance regarding the subject incident and that Plaintiff had ready access to the grievance procedure at Alexander. [Doc. 29 at 7-8]. Additionally, these records undermine Plaintiff's assertion that Alexander officials processed only two or three of his grievances since 2022. [See id. at 7]. Also of note, the two NOTICES directed at Alexander officials, including the Captain who prepared the alleged incident report, were dated just two weeks after the

12

incident, despite Plaintiff's claim that he declined to elaborate on the incident in the incident report out of fear of retaliation.  [Id.].

In his Objections, Plaintiff claims that "[he] did in fact exhaust [his] remedies in this case," but also claims "[t]hey were obstructed!" and that "NO GRIEVANCE WAS EVER PROCESSED."  [Doc. 31 at 1, 3].  Plaintiff now submits for the first time four additional documents he contends support his claim that he exhausted his administrative remedies, three of which are notarized on March 29, 2023.[5]  [See Doc. 31-1 at 2-8.  In these documents, which are directed to various Alexander officials, Plaintiff complains that his grievance regarding the alleged subject use of excessive force, which he states he filed "around the 11th," had not been processed and asks that certain video footage of the incident be preserved.  [Id. at 2, 4, 5, 7].  As noted, Plaintiff contends he failed to submit these documents sooner because he wanted to use them to prove that "Defendants" are lying.  [Doc. 31 at 2].

In response, Defendant argues that the Court should not consider the exhibits to Plaintiff's Objections because the Magistrate Judge did not have the opportunity to consider them and, to the extent Plaintiff argues they

---

[5] The fourth document is dated May 1, 2023.  [Doc. 31-1 at 4].

13

constitute proper grievances showing exhaustion, they fail to satisfy the ARP. [Doc. 32 at 2].

In reviewing the recommendations to which a party objects, the Court "may also receive further evidence." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3) ("The district judge may … receive further evidence."). The district court's decision whether to consider additional evidence is committed to its discretion. Doe v. Chao, 306 F.3d 170, 183 & n.9 (4th Cir. 2002), aff'd, 540 U.S. 614 (2004) (finding district court did not abuse its discretion in refusing to allow additional evidence on review of the magistrate judge's recommendation where propounding party was on notice of the potential need for such evidence and failed to earlier present it or show cause for such failure). See also United States v. Thomas, No. 21-4366, 2023 WL 4363652, at *6 (4th Cir. Jul. 6, 2023) (unpublished decision) (affirming district court's refusal to consider new evidence never presented to the magistrate judge recommending disposition of criminal defendant's motion to suppress). Cf. Wojcicki v. Aiken Technical College, 360 Fed. App'x 848 (4th Cir. Jan. 11, 2010) (Table) (finding district court abused discretion in refusing to accept EEOC right to sue letters presented by pro se plaintiff for the first time in his objections to magistrate judge's report recommending dismissal for failure to exhaust administrative remedies where plaintiff responded to defendants'

14

motion to dismiss, asserted that defendants and defense counsel were aware he had exhausted his remedies, and defense counsel was involved in the administrative proceedings, had copies of the letters, and effectively withdrew the exhaustion defense on the district court's review of the magistrate judge's report). "In appropriate cases, however, the district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing," Caldwell v. Jackson. 831 F.Supp.2d 911, 914 (M.D.N.C. May 20, 2010), and does not withhold evidence "to gain some strategic advantage" Wojcicki, 360 Fed. App'x at 488 (citing United States v. Howell, 231 F.3d 615, 622-23 (9th Cir. 2000)).

The Court declines to exercise its discretion to consider the Plaintiff's previously unsubmitted documents under the circumstances here. Plaintiff failed to respond to Defendant's motion to dismiss in the first instance and failed to submit the new documents until now despite being on notice of the need for them and the need to respond to Defendant's motion. Moreover, Plaintiff fails to offer sufficient reason for such failure, but rather concedes that he withheld them in an attempt to gain some later strategic advantage. Even if these documents proved exhaustion (which they do not), a party cannot withhold documentary evidence until long after time expires to try to

resurrect a defaulted claim. If such tactic were allowed, cases would never end and the Court's business would be thwarted.

For these reasons, the Court also concurs with the Magistrate Judge's assessment regarding Plaintiff's failure to exhaust his administrative remedies, and accordingly this objection is overruled.

## IV.    CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the Plaintiff's Objections to the Memorandum and Recommendation are overruled.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiff's Objections [Doc. 31] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 29] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 25] is **GRANTED,** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

16

**IT IS SO ORDERED.**

Signed: May 26, 2025

Martin Reidinger
Chief United States District Judge